In the Matter of The City Trust Company, in Liquidation.

Supreme Court, New York County, April 16, 1929.

*Phillips, Mahoney, Leibell & Fielding* and *Edward Ward McMahon,* for the Superintendent of Banks of the State of New York.

*Louis Goldstein,* for the depositors' committee.

McCook, J. The plan has already been approved in a memorandum dated April 3, 1929 (133 Misc. 856). The project is novel in many respects. Evidently those now raising the money to liquidate the old company's affairs are entitled to all possible help, but the court will not meantime omit safeguards sufficient for unexpected contingencies. Not only must the creditor be better off if the Mutual Trust Company's promise to answer the City Trust Company's debt by paying him in full is performed; in case of non-performance he should be at least as well off as now. In the former event the result appears secured by the proposed agreement, since the Mutual Trust Company cannot commence business until the entire $5,000,000 of capital stock and surplus in cash are paid in and certified by the Superintendent of Banks. Then first comes into existence an institution able to join the State's repre-

sentative in an agreement, including a covenant to discharge the City Trust Company's obligations, and supported by a strong directorate. Only after that agreement is signed will the Superintendent of Banks turn over the assets of the City Trust Company to the new bank. In the other event (improbable as it now seems) the intended result will be further secured by reserving in the court the power to grant a creditor having a valid claim relief in this same proceeding and without relegating him to his remedy in an ordinary action. The court's order declares that the covenant contained in the proposed agreement is for the benefit of creditors. A time limit for opening business is fixed, not later than July 1, 1929. Creditors will be notified to file claims except those who may, prior to the giving of such notice, have been paid by, or have assigned or transferred their accounts to, the Mutual Trust Company. Such notices will be mailed and their publication begun not more than sixty days after the opening of the bank for business, and the details are provided for in the agreement. This is equally for their benefit and that of the Mutual Trust Company, in ascertaining what the claims are and determining which, if any, are disputed and to what extent. If it is intended, as some of the proposals indicate, to sue former officers and directors of the City Trust Company, releases will not be given in such actions without the approval of the court, no matter what other machinery is set up with that end in view, and the Mutual Trust Company will be accountable to the court for any collections made therein. Moreover, if actions of this character are not brought, the court reserves the power to make such direction in that regard as may be just. The books, documents and papers of the City Trust Company will be held secure and intact by the Mutual Trust Company and made available to any person authorized by the court to examine them. Without at present disturbing the discretion of the Superintendent of Banks, it is provided that if he does not file a full financial statement of the City Trust Company, as of February 11, 1929, within thirty days after the new institution is opened for business, this court reserves its power to entertain, upon cause shown, an application to compel such filing, and thereafter to grant any relief which may appear just. In brief, it is the court's intention to retain jurisdiction so far as may be appropriate to the objects sought. In my opinion, provisions embodying the principles here expressed are entirely consistent with the plan submitted, and reasonably necessary for inclusion in the agreement, or the order of the court, or both. The agreement first submitted has been somewhat changed accordingly, and orders approving the same in its new form, and separately authorizing the sale of the name, have been respectively signed.